Date signed July 06, 2007



NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| LLOYD E. MITCHELL, INC. | * | Case No. 06-13250-NVA |
| | * | (Chapter 11) |
| Debtor | * | |
| * * * * * * * | * | |
| MARYLAND CASUALTY COMPANY, | * | |
| Appellant, | * | |
| v. | * | Adv. Proc. No. 07-0230 |
| LLOYD E. MITCHELL, INC. | * | |
| Appellee. | * | |
| | * | |
| * * * * * * | * * * * * * |

**MEMORANDUM OPINION IN SUPPORT OF ORDER
DENYING MOTION OF DEFENDANT-APPELLEE TO STRIKE
PLAINTIFF-APPELLANT'S DESIGNATION ON APPEAL OF ITEMS THAT
<u>ARE NOT PART OF THE RECORD IN THIS ADVERSARY PROCEEDING</u>**

Maryland Casualty Company (the "Appellant" or "Maryland Casualty") has appealed to the

District Court from an Order of the Bankruptcy Court abstaining from hearing an adversary

proceeding involving state law issues.  The notice of appeal was filed on May 29, 2007.  At issue

here  is a preliminary motion, of a procedural nature, filed by the appellee herein (the "Appellee" or the "Debtor"), LLoyd E. Mitchell, Inc.  The Appellee seeks to strike items from the designation of the record on appeal filed by Maryland Casualty.   The motion to strike parts of the designated record on appeal was filed in the Bankruptcy Court (see paper [23].)  Maryland Casualty has designated a broad array of items to be included in the District Court's determination of items in the record on appeal, including papers filed in the main bankruptcy case.  The Debtor believes that the appellate decisional process should be based solely on matters that transpired within the confines of the captioned adversary proceeding.  A full understanding of the background and history of this case and these litigants is critical to a determination of the issues presented herein.

The Debtor herein filed a petition under chapter 11 of the Bankruptcy Code on June 6, 2006, thereby instituting *In re Lloyd E. Mitchell, Inc*., case no. 06-13250-NVA.   Almost immediately after the filing of the bankruptcy case, an *ad hoc* committee of asbestos claimants filed a Motion [31] to Dismiss, arguing that the Debtor entered into an agreement with Maryland Casualty pursuant to which Maryland Casualty would buy back a series of insurance policies at issue with the Debtor for the years 1961 through 1977 (the "Buy Back Agreement").

The Buy Back Agreement was entered into between the Debtor and Maryland Casualty in the context of a long-standing pre-existing lawsuit pending in Harford County, Maryland (the "State Court Litigation").  At issue in the State Court Litigation was the scope of coverage owing to the Debtor from Maryland Casualty.  After the execution of the Buy Back Agreement, certain asbestos claimants, on June 6, 2006, sought an injunction in the State Court Litigation to prohibit the consummation of the Buy Back Agreement.  The following day, the Debtor filed its chapter 11 petition in the Bankruptcy Court.  Thus, the dispute in the Debtor's chapter 11 case was seemingly

2

the continuance of an existing dispute over coverage and control between the Debtor, its insurers and asbestos claimants that began, and continues to exist (albeit in a dormant state) in Harford County Maryland.

The Debtor initially opted to go forward with the Buy Back Agreement in its chapter 11 case and toward that end on June 30, 2006, the Debtor filed a Motion [47] to Approve Settlement with Maryland Casualty Company.  The Debtor argued that the proposed settlement would make an additional $19 million available for the payment of claims and release the Debtor from potential liability to Maryland Casualty in the amount of $21 million for the resolution of claims that Maryland Casualty alleged were outside of coverage.  The Debtor argued that the settlement was fair and reasonable and that there were many outstanding issues between the Debtor and Maryland Casualty concerning the claims covered, applicable exclusions, allocation of claims from certain policies, the amounts remaining under certain policies, the applicability of the "all sums" approach and the Debtor's potential liability to Maryland Casualty.

After tripartite discovery among the (now official) committee, Maryland Casualty and the Debtor, the Debtor apparently determined not to go forward with the Buy Back Agreement and that its alliances were better forged with the committee.  Accordingly, on January 22, 2007, the Debtor withdrew [199] with prejudice its Motion to Approve Settlement Agreement with Maryland Casualty [47] (the "Settlement Motion").

The Settlement Motion having been withdrawn, all of the coverage issues that were at the heart of the litigation in the State Court Litigation became, once again, unsettled.  In order to resolve these issues, Maryland Casualty filed an Adversary Complaint [225] (the "Adversary Complaint") against the Debtor for Declaratory Relief, Breach of Contract, Reimbursement and Other Relief,

thereby instituting adversary proceeding no. 07-0230 (the "Adversary Proceeding"). The Adversary Complaint contains nine counts including claims for declaratory relief that the Debtor breached the insurance policies by not consummating the Buy Back Agreement, as well as straight coverage related claims including a declaration with respect to Maryland Casualty's rights and obligations to: (i) indemnify or reimburse the Debtor for asbestos claims made under certain disputed policies, (ii) provide coverage for asbestos personal injury claims that occurred outside the policy period of any Maryland Casualty policies and the extent to which these amounts must be paid by other insurers, (iii) determine that asbestos personal injury claims against the Debtor fall within the "completed operations hazard" or the "products hazard" under the Maryland Casualty policies and thus may be subject to certain aggregate limits set forth in those policies, (iv) determine that asbestos personal injury claims against the Debtor fall within a "Bethlehem Steel" exclusion in the Maryland Casualty policies, (v) determine that loss of consortium and wrongful death claim arising out of asbestos personal injury claims are barred by the Maryland Casualty Policies, (vi) determine a seeming "catch all" and request for the court to interpret a 20-item laundry list of other terms, conditions, exclusions and limitations of the Maryland Casualty policies as applicable to asbestos claims.  In addition, the Adversary Complaint contains a claim for damages to the extent that Maryland Casualty has advanced any funds for asbestos coverage for which a court may determine that Maryland Casualty is not ultimately liable.

On April 11, 2007, the Debtor filed Motion to Dismiss Complaint on Abstention Grounds and Memorandum in Support thereof (paper [3] in the Adversary Proceeding).  The Debtor argued that the Adversary Complaint is based almost exclusively on state law interpretation of Maryland contract law, and that the State Law Litigation is already pending between the Debtor and Maryland

Casualty.  Moreover, the State Law Litigation was instituted by Maryland Casualty for the specific purpose of resolving coverage disputes between the parties.  The Debtor agreed to a modification of the stay to allow the State Law Litigation to proceed.

On April 24, 2007, this Court "So Ordered" (approved) a stipulation [6] between Maryland Casualty, the Debtor and the Committee stipulating that Maryland Casualty would be entitled to respond to the Motion to Dismiss on Abstention Grounds through and including May 16, 2007.  On May 1, 2007, after due and careful contemplation of the factors guiding this Court's consideration of both mandatory and permissive abstention, this Court determined that abstention was appropriate, and that it would not be aided by a response from Maryland Casualty.  Specifically, this Court determined that mandatory abstention was required pursuant to the mandatory abstention provisions of 28 U.S.C. § 1334 ( c ) (2).  As an equal and alternative basis, this Court determined that, after careful review of all of the applicable factors, that permissive abstention was warranted pursuant to 28 U.S.C. § 1334 ( c ) (1). Accordingly, this Court entered its Order Granting the Debtor's Motion to Dismiss on Abstention Grounds [8].

On May 3, 2007, Maryland Casualty filed a Motion to Reconsider [9] on the basis that this Court had entered an order on abstention grounds prior to the time that Maryland Casualty filed its response.  The Debtor filed an opposition [11] to the Motion to Reconsider and argued that there were compelling grounds supporting abstention. On May 25, 2007, the Court denied [12] reconsideration of its order and supplied the following endorsement, "DENIED.  MOTION FAILS TO STATE GROUNDS FOR RECONSIDERATION.  PAPER [3] SUPPORTS ABSTENTION ORDER." On May 29, 2007, Maryland Casualty filed a Notice of Appeal to the United States District Court for the District of Maryland.

Presently before the Court, to the extent it has jurisdiction[1], is the Debtor's Motion [23] to Strike Plaintiff-Appellant's Designation on Appeal of Items that are Not Part of the Record in this Adversary Proceeding (the "Motion to Strike") and Maryland Casualty's opposition thereto [26]. The foregoing recitation should make clear that this Court relied on the entire record before it, not just the record in the adversary proceeding, when it ruled on the abstention motion and when it denied the motion to reconsider the abstention motion.[2]  Thus, this Court believes that any efforts to limit the reviewing Court to the record in the adversary proceeding would not permit the reviewing court to obtain the full spectrum of the applicable facts that were before this Court when it made its ruling on the motion to reconsider its order dismissing the complaint on abstention grounds, the only order from which Maryland Casualty timely appealed.

Accordingly, the Motion to Strike will be denied.  A separate order will issue.

---

[1] A majority of the courts conclude that a bankruptcy court (as the trial court), has the power to rule on disputes over the contents of the appellate record. *In re National Century Financial Enterprises, Inc.* 334 B.R. 907, 912 (Bankr. S. D.Ohio 2005).  *See, also, WB, Ltd. v. Tobago Bay Trading Co. (In re Tobago Bay Trading Co.),* 142 B.R. 534, 536 (Bankr.N.D.Ga.1992) ("[F]ind[ing] that it retains jurisdiction for the limited purpose of adjudicating [a] dispute concerning the contents of the record on appeal.").  There is also a tenable minority position.  *See, In re Dow Corning Corp.*, 263 B.R. 544, 548 (Bankr. E.D. Mich. 2001) ("the better view is that the bankruptcy court has no discretion under Rule 8006 to strike designated items from the record on appeal.") The Fourth Circuit has not yet spoken on this issue.

[2]  Maryland Casualty argues in its Opposition [26] to the Motion to Strike that the Debtor's original memorandum in support of its motion to dismiss on abstention grounds [3-2], makes reference to papers filed in the main case, including the committee's motion to dismiss the chapter 11 case [31], the debtor's 9019 motion [47], Maryland Casualty's brief in support of Debtor's 9019 motion [48], the committee's objection to the Rule 9019 motion [90] the Debtor's withdrawal of its Rule 9019 motion [199].